Town of Columbia City *v.* Anthes.

---

No. 8506.

TOWN OF COLUMBIA CITY *v.* ANTHES.

TOWN.— *Contract.*— *Refunding of Liquor License.*— *Voluntary Payment.*— *Ultra Vires.*—An incorporated town in 1875, having no power to do so, passed an ordinance requiring a license fee of $50 for retailing liquors, and the trustees at a regular meeting agreed orally with A. to enter upon their record an agreement that, in consideration that he would pay the fee, they would, in case the ordinance was adjudged invalid, repay him the money. He accepted the proposition, and made the payment. Subsequently the fact of the agreement was entered of record. The ordinance was afterwards adjudged invalid. A. sued for breach of the contract. *Held,* that the contract was valid, and that A. could recover.

From the Whitley Circuit Court.

*T. R. Marshall, W. F. McNagny, J. S. Collins, J. W. Adair* and *R. H. Collins,* for appellant.

*W. Olds,* for appellee.

NIBLACK, J.—In this action Philip Anthes complained of the town of Columbia City, and charged that, on the 8th day of June, 1875, said town passed an ordinance providing that it should be unlawful for any person to barter or sell, within the incorporated limits of such town, any spirituous, malt, vinous or intoxicating liquor, in a less quantity than a quart at a time, without first paying to said town the sum of $50, and obtaining therefrom a license so to do; that the plaintiff was, at the time, engaged in the business of selling spiritous, malt, vinous and intoxicating liquors by retail, within the limits of said town, under a license from the board of commissioners of the county of Whitley, granted to him at the March term, 1875, of said board; that, on said 8th day of June, 1875, Henry Snyder, John Tanpert, William Lincke, George Stenhoff, Isaac Prickett and Jacob Wunderlich were the duly elected, qualified and acting trustees of said town, and so continued until the 2d day of May, 1876; that, at the passage of said ordinance, there were, in all, fifteen persons engaged in the sale of intoxicating liquors by retail within the territorial limits of said town, all of whom disputed the right of such town to require of them the sum of $50 each, or any other sum, as a license fee for the privilege of selling intoxicating liquors within such territorial limits, and refused to pay the sums so severally required of them for the privilege of selling intoxicating liquors within said town; that the defendant, acting through its said trustees, threatened to sue the plaintiff and all others so engaged in the sale of intoxicating liquors within its limits, if he and they did not severally pay a license fee and procure a license as required by said ordinance; that, at a lawful meeting of the trustees of said town, held on the 15th day of June, 1875, the plaintiff being present, said trustees, acting on behalf of such town, proposed to

Town of Columbia City *v.* Anthes.

the plaintiff that if he would pay said license fee of $50, and it should be decided by the Supreme Court of this State that said town had no authority to pass such an ordinance as that which had been passed as above stated, or if said town should fail to collect the license fee demanded by said ordinance from any of the other persons similarly engaged in the sale of intoxicating liquors within its limits, by reason of the want of authority in said town to charge or collect such a fee, then said town would repay to the plaintiff said sum of $50, with interest; that said trustees then and there represented to the plaintiff that if he did not pay said sum of $50, they, acting for said town, would commence legal proceedings against him to collect the same, and would prosecute him for a violation of said ordinance; that, by paying said sum, the plaintiff would avoid all such expense, trouble and litigation, and secure a return of the money in the event that said Supreme Court should decide that he was not liable to pay the same; that said trustees, at the same time, further represented that they would enter their said proposition to the plaintiff of record, as a part of the proceedings of their said meeting; that, relying upon said proposition of said trustees, and believing that said town would carry out the agreement so proposed by the trustees, and that the same had been entered of record as a part of their proceedings, and being induced solely by the proposition of the trustees, and to avoid litigation with said town and prosecution for a violation of said ordinance, the plaintiff, on the 21st day of June, 1875, paid the sum of $50 to the treasurer of said town, as a license fee for the sale of intoxicating liquors; that said trustees afterwards commenced actions against James B. Edwards and William Walters, respectively, both of whom were engaged in the sale of intoxicating liquors within said town, and both of whom had refused to pay the license fee demanded by said ordinance, to enforce the provisions of the ordinance against them, which actions resulted in a decision by the Supreme Court of this State that said town

had no authority to pass said ordinance or to demand a license fee of the said Edwards or Walters, or of any other person engaged in the same business in said town; that, immediately before the terms of the trustees of said town herein above named, expired, they caused to be entered of record a statement, as follows:

"The following statement shows to the board of trustees the conditions under which the town liquor license had been paid to said town. The board of trustees promised and agreed with the liquor sellers who have paid their town license, that in case the town should fail to recover judgment in the cases being now adjudicated upon in the circuit court, then the board of trustees were to refund the license fee to each of those persons who have already paid said license. The board feel themselves under obligations to refund the license to those who have paid their license, as in several cases they feel themselves individually under obligations for the repayment of such license fees. The board takes this method of calling the attention of the newly elected board to this matter, hoping they may see fit to carry out the intention of the old board in their adjudication upon this subject."

That repayment of the money so paid by the plaintiff as a license fee had been demanded, and payment refused. Wherefore the plaintiff demanded judgment for the sum of $50, with interest from the 21st day of June, 1875.

A demurrer to the complaint being first overruled, the defendant answered in nine paragraphs. The first was in general denial, and the rest contained what were claimed and intended to be special matters in defence.

On the plaintiff's motion, all the paragraphs of the answer except the first were struck out, and a jury returned a verdict for the plaintiff, assessing his damages at $53.

A motion for a new trial being first denied, the plaintiff had judgment on the verdict.

Questions are made here upon the sufficiency of the com-

plaint, upon striking out parts of the answer as above stated, and upon the refusal of the court to grant a new trial.

It is argued with much zeal and at great length on behalf of the appellant, that the alleged contract entered into between the appellant's trustees, and the appellee, by which the license fee demanded was to be returned in certain contingencies, was a contract which the trustees had no authority to make; that all the proceedings of the trustees had in connection with such alleged contract were *ultra vires* and void; that incorporated towns are not permitted to contract debts by such methods, by reason of restrictions imposed by their charter, and from considerations of public policy, and that, with all concerning such alleged contract eliminated from the complaint, it was palpably bad upon demurrer, as showing a merely voluntary payment under circumstances which did not authorize the appellee to demand a return of the amount paid.

.The case presented by the complaint is a novel one, and one concerning which we are unable to derive much assistance from any decided case to which our attention has been directed; but we are unable to see any good reason for holding that the complaint was insufficient.

In view of all the circumstances attending it, the alleged agreement between the trustees and the appellee was not an unreasonable one, and we think ought not to be held an invalid one. It was such an agreement as natural persons, as well as corporate bodies, might well make in the transaction of their ordinary business, and its probable effect was to prevent and save the expense of litigation. It was not the creation of a debt against the town in the ordinary sense in which that phrase is used. It was but the transaction of the current and incidental business of the corporation, from which a liability might result, dependent upon events which the trustees could not control.

The written memorandum which the trustees afterwards made as to the terms upon which the appellee and others paid the license fee demanded of them was quite informal, but it

constituted, when entered, a record of a contract obligatory upon the town, and confirmatory of the oral contract under which the appellee paid the money sued for in this action.

While there may have been some surplusage in the complaint, its averments, fairly construed, made a case of the payment of money unlawfully demanded, upon a special contract for its repayment in certain contingencies, and not a case of merely voluntary payment, as insisted upon by the appellant.

In our opinion, therefore, the court did not err in overruling the demurrer to the complaint.

The paragraphs of answer struck out by the court were very voluminous, and the view we take of their general scope and character renders it unnecessary that we shall notice them in detail.

No question was raised by any of them which appears to us not to have been raised by the demurrer to the complaint, and by the evidence adduced at the trial. We do not, consequently, see that any injury resulted to the appellant from the striking out of those paragraphs.

Nor can we say that the substantial averments of the complaint were not sustained by sufficient evidence.

Some question is made upon instructions given and refused, but what we have said upon the sufficiency of the complaint practically disposes of all the material questions presented by this appeal.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.