KEENER, ETC. *v* CITY OF KENDALLVILLE.

[No. 30,250. Filed June 11, 1963.]

*Ralph W. Probst, Robert C. Probst* and *Probst & Probst,* of Kendallville, for appellant.

*Karl J. Stipher, Virgil L. Beeler, Baker & Daniels,* of counsel, all of Indianapolis, and *William N. Salin,* of Fort Wayne, for appellee.

ARTERBURN, J.—This is an action for an injunction brought by the appellant-Keener, as a taxpayer of the City of Kendallville for himself and others, to enjoin the construction and establishment of an off-street parking program. The trial court made special findings of fact and conclusions of law and entered a judgment denying the injunction.

Appellants then filed a motion for a new trial, a number of the specified items being improperly worded. A motion to dismiss the appeal because no error was properly assigned was presented to this court. We feel there is a valid basis for sustaining the motion to dismiss. We prefer, however, to determine the case on the merits, since the result from the consideration of both issues must be adverse to appellants upon final disposition of this case.

Appellants present the following issues:

■ Is the statute authorizing the off-street parking project (Ch. 129, Acts 1959, Burns' §48-8482) unconstitutional because it is not amendatory in form and because it incorporates by reference the off-street

parking act applicable to second, third and fourth class cities? (See: Burns' §48-8470, *et. seq.* ch. 190, Acts 1955).

2. Was the action of the Common council and the Board of Public Works unlawful because a member of the Council, John Atz, was interested in the real estate sought to be acquired for off-street parking purposes?

3. Was the determination of the Board of Public Works and Safety invalid because a remonstrance was filed thereto by 228 people?

4. Was the project invalid because the Common Council accepted donations for the project on certain conditions?

The City of Kendallville is a city of the fifth class. Chapter 129 of the Acts of 1959, being Burns' §48-8482, is an independent act authorizing cities of the fifth class to acquire off-street parking facilities. It does not purport to amend any act. It does purport under Section 1 to give cities of the fifth class the same power and authority to provide for off-street parking as that given cities of the second, third and fourth classes under the Acts of 1955, ch. 190, being Burns' §§48-8470, *et seq.* Therefore, Article 4, §21 of the Constitution of the State of Indiana has no application, since it is merely applicable to acts which purport to amend other acts. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218.

The argument is further made that the Act of 1959 incorporates by reference the Act of 1955. There is nothing unconstitutional, so far as we can find, where one statute adopts a part or whole of another statute by reference. *Mogilner* v. *Metropolitan Plan Comm., etc. et al.* (1957), 236 Ind. 298,

140 N. E. 2d 220; *State ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 85 N. E. 513.

The constitutionality of the Off-street Parking Act was upheld by this court in *Foltz, Van Camp Hdw., etc.* v. *City of Indpls. et al.* (1955), 234 Ind. 656, 130 N. E. 2d 650. We find no constitutional barrier in this case.

Appellants next claim that the resolution of the Common Council on March 1, 1960, approving the off-street parking project which had previously been referred to a committee, was invalid, as well as Ordinance 904, which was passed in December, 1960, which transferred money to the off-street parking project from the general fund for the purpose of paying for the property sites. Two statutes are relied upon by the appellants—Burns' §48-1247, which provides in part:

> "No member of the common council . . . shall, either directly or indirectly, be a party to, or in any manner interested in, any contract or agreement . . . with such city. . . ."

And Burns' §10-3713, which provides:

> "Any . . . common councilman of any city . . . who shall, during the time he may occupy such office or hold such appointing power and discharge. the duties thereof, be interested, directly or indirectly, in any contract for the construction of . . . or work of any kind, erected or built for the use of . . . city in the state . . . shall be fined not less than three hundred dollars [$300] nor more than five thousand dollars [$5,000]. . . ."

It should be noted that the finding of the court shows that John Atz did not officially become a member of the Common Council until April 19, 1960, which was after the resolution passed by the Common Council approving the off-street parking project. In addi-

tion, the statutes referred to are concerned only with "contracts." There is no evidence in the record nor is there any special finding of fact which shows that any contract was entered into by John Atz, although the record does show that the off-street parking project contemplated the acquisition of two pieces of property, one in the name of John Atz and the other in the name of a corporation in which John Atz was a director and stockholder.

As concerns the former piece of property, the special findings of fact further show that only the legal title was in the name of John Atz, while the equitable title, through an installment contract, was in the name of a third party.

Up to the time of the trial of this case, so far as the record shows, John Atz had no contract with the city for the purchase or sale of the property involved. The record does not show whether condemnation proceedings were contemplated. In any event, the statutes relied upon by the appellant, under the findings of fact and the evidence in this case, are not applicable.

Appellants claim that because John Atz became a councilman after the resolution of the Common Council approved the project, a conflict of interest was thereby created. The subsequent appointment cannot affect the city's acts prior thereto. In December, 1960, the Board of Public Works, of which John Atz was *not* a member, authorized the acquiring of options to the property intended to be used for off-street parking. The record does not show that any option was taken from John Atz. We must therefore conclude that there was no evidence from which the trial court could find that a conflict of interest existed between John Atz and his position

as councilman by reason of any *contract* made by the city during the time he served as a member of the council.

Next, the appellants claim that the action of the Board of Public Works approving the off-street parking project was invalid because a remonstrance ■ by 228 persons was filed. The Off-street Parking Act, Burns' §48-8474, does provide that remonstrances may be filed but, regardless of the number or percentage of those remonstrating, the statute does not prohibit the board from approving the project if it deems the same advisable. However, the appellants seek to come under Burns' §48-6918, which is a statute under which remonstrances may be made against the transfer of funds by the City Council. Under the statute, such a remonstrance will not kill the proposed transfer of funds unless the number remonstrating constitutes at least three [3%] percent of the resident taxpayers. No showing is made in the record that the remonstrators constituted at least three [3%] percent of the taxpayers. Therefore, the appellants' position with reference to the remonstrance is not well taken.

It is finally argued that the Common Council unlawfully accepted donations in the amount of $25,000 to be used to pay for the project. The condition ■ tion of this donation was "that if a 180 car capacity off-street parking facility was not constructed within a reasonable time, the donation would be returned to the donors." A second donation of $25,000 was accepted upon a like condition. It is contended that the City should have appropriated money for the return of these donations in event there was not a compliance with the conditions. No applicable authority is cited for such a position. Moreover, we

doubt that the appellants are in a position to question the legality of the obligation to return the donations without showing that they had an interest in the donations made. However, Burns' §48-1407 provides for the receiving of gifts and donations on conditions by a city, and the Off-street Parking Act itself makes such a provision. (Burns' §48-8471) A violation of the conditions under which the money was accepted undoubtedly would create a trust in favor of those persons who made the donations. No appropriation would be necessary to create the obligation to refund. Restatement, Trusts §413 (1935); *Town of Columbia City* v. *Anthes* (1882), 84 Ind. 31; *Joint County Park Bd.* v. *Stegemoller* (1949), 228 Ind. 103, 88 N. E. 2d 686.

The judgment of the trial court is affirmed.

Myers, C. J., and Landis and Achor, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 191 N. E. 2d 6.