THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

LEMUEL LARSON, by his next friend, James A. Larson.

*Filed at Ottawa October 29, 1894.*

1. CONSTITUTIONAL LAW—*restricting jurisdiction of Supreme Court on facts.* The legislature has power, under the constitution, to make the decisions of the Appellate Courts final on questions of fact.

2. PRACTICE—*sufficiency of evidence—how made a question of law.* The question of the sufficiency of the evidence to warrant a recovery is raised as a question of law by demurring to it, moving to exclude it, or by asking an instruction to find for defendant. If defendant goes to the jury upon the facts, without any of these, no question of law is preserved upon the facts. *Abend case,* 111 Ill. 202, *Holmes case,* 94 id. 439, and *Scates case,* 90 id. 586, distinguished.

3. INSTRUCTIONS—*given "for plaintiff" or "for defendant," not error.* While the practice of giving instructions "for the plaintiff" or "for the defendant" is not to be commended, the mere fact that such form is used is not reversible error.

4. Same—*abstract proposition may be refused.* An instruction which states an abstract proposition of law may be refused, but does not necessarily reverse.

5. Railroads—*superior right upon crossing, exercised with care.* While a railroad company has the superior right of way over a public crossing, it must, in exercising that right, use ordinary and reasonable care to avoid accidents.

6. Negligence—*when stated as a matter of law.* Where the conclusion of negligence necessarily results from certain facts, the court may instruct the jury that proof of such facts establishes negligence; but if negligence may or may not result from the facts, the question is for the jury.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. Nathaniel J. Pillsbury, Judge, presiding.

Messrs. G. S. & E. Eldredge, Mr. James Fentress, and Mr. Harrison Loring, for the appellant.

Mr. H. K. Wheeler, for the appellee.

Mr. Justice Baker delivered the opinion of the court :

In this action on the case by appellee, a minor, who sues by his next friend, against appellant, for personal injuries, he recovered a judgment in the Kankakee circuit court for $2500 damages, and that judgment was affirmed in the Appellate Court for the Second District.

The injuries were received by appellee from the running away of his team of horses, attached to a wagon loaded with slag, while attempting to cross the railroad tracks of appellant at Sixty-seventh street, in the city of Chicago. There were six railway tracks there, and in the center of the street a planked crossing, sixteen feet wide, for the public to use in passing over said tracks. Appellee was coming from the east and approaching the second track from the west, known as track No. 2. A suburban train, consisting of an engine and four cars, had just arrived at the Sixty-seventh street depot from the north,

and the rear end of the rear platform of the rear car of the train, as it then stood, projected over the crossing the width of the platform, which was about four feet, leaving a space of twelve feet of planked crossing, and over this the team in advance of the one driven by appellee passed in safety while the train stood still. The train was headed south, and apparently was destined for some point further south. Appellee was about to follow the team that had crossed the track, when one of appellant's servants on the train stopped him. About the same time the train got under motion, going backward. At that time the horses' heads were across the rails of the railway track. In the meantime a freight train had come up from the south on another track, in the rear of appellee. He therefore swung his horses around as quickly as possible towards the north, so that their heads would clear the rear end of the train. The servants of appellant, seeing the predicament appellee was in with his team, stopped the train, but only momentarily. The train had moved part of the length of the rear car, but that car had not cleared the crossing. When the conductor saw that the train cleared the team he again proceeded to back the train, as he had first started to do. The train immediately commenced to back up again, and continued to do so until all the cars and locomotive had passed, although they were so close to the horses' heads that they almost struck them. In the meantime the noise and proximity of the moving train, ringing bell and escaping steam, and the smoke from the engine, frightened the horses, and they began jumping and behaving badly, and as soon as the locomotive cleared the crossing they turned their heads west, across the track, and ran away. Appellee was thrown from the wagon and severely injured. His thigh bone was fractured and his head so hurt as to cause concussion of the brain and impairment of memory, from which he has never recovered, so that he has never been able to give any account of the accident.

In their arguments in this court counsel for appellant have discussed, at considerable length, the evidence in the case, their claims being that at the time of the accident appellee was not in the exercise of ordinary and reasonable care, and that there was no culpable negligence on the part of appellant.

It is insisted that this court should review the evidence for the purpose of ascertaining and determining for itself the facts of the case, and it is strenuously urged that the legislature of the State has no constitutional authority to say and determine what questions involved in cases coming before this court on appeal from the Appellate Courts may be considered and passed upon here, and what questions shall not be so considered and determined. This is not an open question. In *Chicago and Alton Railroad Co.* v. *Fisher*, 141 Ill. 614, this court expressly held, that under the constitution the legislature has the power to confer upon this court jurisdiction to review the judgments of the Appellate Courts both upon questions of law and questions of fact, or to make the decisions of the Appellate Courts final both as to law and as to fact, and that hence it follows that the legislature has authority to make the decisions of the Appellate Courts final merely as to questions of fact, and to confer upon the Supreme Court jurisdiction to review upon questions of law, only. It would be useless to recapitulate the grounds upon which that decision was based, and especially so as it merely followed in the wake of the earlier decisions in *Young* v. *Stearns*, 91 Ill. 221, and *Fleischman* v. *Walker*, id. 318. See, also, *Lake Shore and Michigan Southern Railway Co.* v. *Richards, ante*, p. 59.

It is further claimed that this court, by its decisions in *Abend* v. *Terre Haute and Indianapolis Railroad Co.* 111 Ill. 202, *Holmes* v. *Chicago and Alton Railroad Co.* 94 id. 439, and *Chicago and Northwestern Railway Co.* v. *Scates*, 90 id. 586, all of which were decided after sections 87 and 89 of the Practice act went in force, on July 1, 1877, (Laws of 1877,

p. 148,) and more especially by the decision in the first named case, has established it as the law of this State that the Supreme Court will, in all cases of appeals from or writs of error to the Appellate Courts, look into the evidence to see if a liability has been established against the defendant by the evidence introduced. It seems to us that counsel have not examined those cases with sufficient care. On the trial of the *Abend case*, after the evidence on the part of the plaintiff was all in, the defendant declined to offer any testimony, and the court, at its instance, instructed the jury to find the issues for the defendant, which it did. Motions to instruct the jury to find for the defendant, or to exclude the evidence introduced by the plaintiff, operate as demurrers to the evidence, and raise questions of law, and such questions this court has jurisdiction to review in all cases that come before it. (*Cothran* v. *Ellis*, 125 Ill. 496 ; *Joliet, Aurora and Northern Railway Co.* v. *Velie*, 140 id. 59.) And so, what was said by the court in the *Holmes case* was said in discussing the matters of involuntary non-suits and motions to exclude the evidence of parties plaintiff from the jury; and what was said in the *Scates case* was said in discussing the rulings of the court upon the instructions. In the case at bar, the defendant did not, when the plaintiff rested his case, either demur to the evidence, or move to exclude it, or request that the jury be instructed to find in its favor, but introduced testimony of its own to contradict the case made by the plaintiff, and afterward, when the testimony was all in, it did not move to exclude it or to instruct the jury to return a verdict for the defendant, but went to the jury with the case, and asked that the jury should be instructed to pass upon the issues of fact, and determine them in accordance with the preponderance of the evidence.

It is claimed that the first, second and fourth instructions for appellee were erroneous, because they each commenced with some such formula as this : "The jury are

instructed, for the plaintiff," etc., and *Aneals* v. *People,* 134 Ill. 401, is cited in that behalf. While it is true that in that case the practice of marking instructions for the one side or the other was condemned, yet it was held that the mere fact of such marking was not error.

It is objected that the court gave, at the instance of the plaintiff, an instruction that read as follows:

"For the plaintiff you are instructed, that while the railroad company has the right of way over and across the public streets, still that does not give it the right to be negligent in backing up a train across a public crossing."

The instruction states an abstract proposition of law, and might have been properly refused on that ground; but at the same time it states the law correctly. It was given in connection with this further instruction:

"The court instructs the jury, that it was not the duty of the defendant to stop its trains or train in question so as to permit the plaintiff to pass over the crossing in question before such train passed the crossing, and this rule applies in backing up its trains as well as running such trains ahead, provided in starting to back such train it used reasonable care to avoid injury to others."

The two instructions, taken together or separately, plainly indicated to the jury that the railroad company had the superior right of way over the public crossing, but that such right did not give it the privilege of being negligent in backing its trains over the same,—in other words, that it was bound to use ordinary and reasonable care to avoid accidents while crossing over a public highway.

It is objected that the instruction first quoted assumes that the defendant was absolutely guilty of negligence in backing its trains. We do not so understand it, and do not think that the jury would so understand it, and especially so since they were also told that the same rule applied whether the trains were running ahead or

backing up ; and we may reasonably presume, in favor of the action of the court in the premises, and from the form the second of said instructions was in when tendered by appellant to the court, and the amendment made thereto by the court, that it was urged before the jury at the trial that the railroad company had the superior right at the crossing and that the traveling public must look out for themselves. We are unable to say that there was mani- fest error in giving the instruction to which exception is taken.

As we understand counsel, the objection taken to the fourth instruction for appellee is, that the hypothetical case stated therein is not the case stated in either of the counts of the declaration. We see no substantial variance between the cause of action alleged in the fifth count and the case set out in the instruction. The count states the cause of action in a general way. It is not necessary that it should aver all the specific facts and circum- stances tending to show negligence. That would be pleading the evidence. The instruction goes more into detail in respect to the *res gestæ* of the accident. There was sufficient evidence in the record to base it upon. We think there was no error in giving it.

It was not error to modify the first instruction asked by appellant, by adding thereto the words, "provided in starting to back such train it used reasonable care to avoid injury to others." The instruction, with the amend- ment made by the court, has already, in another connec- tion, been set out herein. Without the modification it would likely have misled the jury into believing that on account of the superior right of appellant in respect to the railway crossing, it, appellant, owed no duty to appellee or to other persons passing along the public highway and over and across the railway tracks.

The court refused to give three of the instructions submitted by appellant. Each of these instructions was to the effect that if the jury believed, from the evidence,

certain specified facts and circumstances, then the plaintiff was guilty of "gross negligence" or "negligence." In *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor*, 119 Ill.. 586, it was said : "It is only when the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence as a matter of law. If the conclusion of negligence, under the facts stated, may or may not result, as shall depend on other circumstances, the question is one of fact, for the jury." And in *Chicago, Milwaukee and St. Paul Railway Co.* v. *Wilson*, 133 Ill. 55, we held that it can not usually be laid down as a rule of law that in any given case certain specific acts are essential to the exercise of ordinary care, or that the absence of such acts is negligence. Under these decisions, and others of like import, it was not error to refuse said instructions.

Appellant tendered two instructions, the substance of each of which was, that if the jury believed, from the evidence, that the team in question became frightened by the ringing of the bell or sounding of the whistle of the engine when passing or about to pass·over the crossing, then the defendant was not responsible for the result of such fright. The court modified these instructions by striking out the words "or sounding of the whistle." It was not charged in the declaration that the whistle sounded, or that the horses were frightened by the whistle or the sounding of the whistle, nor was there any evidence proving, or tending to prove, that the whistle did sound. Instructions should always be based on the evidence in the case. There was no error in making these modifications.

We find no substantial error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*