## LAKE ERIE & WESTERN RAILROAD COMPANY *v.* HENNESSEY.

[No. 5,519.   Filed October 5, 1906.]

PLEADING. — *Complaint.* — *Railroads.* — *Car Inspection.* — *Negligence.*—A complaint showing that transfer tracks were used by two railroad companies for switching cars from one to the other; that plaintiff, a car inspector, was required to inspect all cars set upon such tracks before 6 o'clock p. m. of each day; that defendant set some cars on one of such tracks and closed the switch; that defendant a short while afterwards switched a box-car with a defective brake upon such track and negligently opened such switch and such box-car struck the cars under which plaintiff was working, injuring plaintiff, is insufficient, since it shows that defendant had a right to use the track, and fails to show that it had any notice that plaintiff was under the cars at the time.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Alexander Hennessey against the Lake Erie & Western Railroad Company. From a judgment on a verdict for plaintiff for $1,000, defendant appeals. *Reversed.*

*Gregory, Silverburg & Lotz* and *John B. Cockrum,* for appellant.

*W. A. Thompson, W. H. Thompson, C. A. McGonagle* and *J. Monroe Fitch,* for appellee.

ROBINSON, C. J.—Action for damages for personal injuries. Complaint in one paragraph; demurrer overruled; answer, general denial; trial, verdict for appellee, with answers to interrogatories. Appellant's motion for judgment on the answers and its motion for a new trial overruled. Judgment on the verdict. The rulings on the demurrer and on the motions for judgment and a new trial are assigned as errors.

The complaint avers that a transfer track connected the track operated by appellant and the track of the Chicago, Indiana & Eastern Railroad Company; that the transfer track was owned exclusively by the last-named road, and that after the construction of the transfer track it was used continuously for the transfer of cars and trains from one road to the other; that cars transferred remained upon the transfer track until the receiving party had time to and did inspect the same before taking them away; that each of the companies knew that all such transferred cars were so inspected; that on September 17, 1903, appellee was in the employ of the Chicago, Indiana & Eastern Railroad Company as a watchman and car inspector; that as such car inspector it was his duty to examine all cars set upon the transfer track by appellant to be received and shipped by the Chicago road, and that it was his duty to make such inspection of the cars placed upon such track each day before 6 o'clock p. m.; that in the proper discharge of his duties he was required to and did go and for a time re-

mained under the cars so inspected; that on the above date, at 5:30 o'clock p. m., appellant placed upon the transfer track four freight-cars, three of which were loaded and one empty, which were to be received and shipped by the Chicago road; that immediately after the cars were placed on the track appellant closed the switch so that no other cars could be placed on the transfer track until the switch should be first opened; that after the four cars had been placed on the transfer track by appellant it had no other cars "at said time that it (said defendant company) had any intention or purpose or right to set upon said track;" that thereupon appellee, in the discharge of his duty as such car inspector, proceeded to inspect such cars; that he knew appellant had no other car or cars to put on the transfer track during that day, and that the switch was closed; that when he went under the cars to inspect the same a heavily loaded coal-car, which had been transferred to appellant by the Chicago road, to be by appellant delivered to the consignee, was standing on appellant's track; that at the time appellant received the car the brakes on the same were out of repair, but in what respect appellee was not informed; that while appellee was under the cars inspecting the same appellant carelessly and negligently ran the coal-car north at the rate of twenty miles an hour, and negligently failed to repair the brakes, and negligently omitted to provide any means for stopping the car, and when the car approached the switch at the south end of the transfer track, and while the car was still running at such high speed, appellant carelessly and negligently opened the switch and ran the car on the transfer track and against the cars appellee was inspecting, and negligently failed to give appellee any warning that the car was approaching or of any danger; that when the car struck the cars appellee was inspecting, and under one of which he then was, the cars were started, striking appellee and injuring him; that he went under the cars for the purpose of inspecting the same; that he did not know appellant had or

would open the switch and throw the coal-car upon that track; that he had no notice or knowledge of the opening of the switch or of the approach of the coal-car, and that from the position he occupied under the car, inspecting the same, he could not see the approach of the car until it had struck the car under which he then was; that when the coal-car struck the cars he was unable to extricate himself before he was hurt.

Taking together all the averments of the complaint as to the uses made of the transfer track, it must be concluded that the pleading does not show that appellant had no right to use the transfer track at the time it did. Whether appellant had no purpose nor intention of putting any more cars on the track is not material, as it is not shown that appellee knew such purpose or intention and acted thereon. The car was placed on the transfer track about 5:30 o'clock p. m., and it must be held that the pleading shows that appellant had a right to place it on the transfer track at the time it did. The pleading does not show that there was any time in the day during which cars should be transferred, and the presumption, as against the pleader, is that the transfer might be made at any time, and that the coal-car was placed on the transfer track at a time when it was proper to do so. As far as disclosed, appellant's employes did not know that appellee was car inspector, or that he was there at the time to inspect cars, or that he was about the premises. In view of the particular facts averred, the averment that appellant had no right to put a car on the transfer track at the time it placed the coal-car thereon is no more than a conclusion.

Moreover, it appears that when the four cars had been placed on the transfer track appellee began immediately to inspect them, and while under the cars—how long after the four cars had been transferred does not appear—the coal-car was thrown against the cars he was inspecting. Even if the company did not, at the time appellee began inspect-

ing the cars, have "any intention" of placing other cars on the transfer track, it is not averred that appellee knew of such intention and was relying on it.   It does not appear that appellee made any inquiry to ascertain whether appellant was going to use the transfer track after placing the four cars thereon.   He knew the coal-car was on a track near the transfer track, and that it was at a time when other cars could rightfully be placed on the transfer track, and that there was nothing to prevent the placing of a car on that track at any time.   He made no inquiries about the switching of any other cars, was not misled by anything that was said, and took no precautions whatever to let his presence under the car be known.

We think the pleading fails to show that appellant violated any duty it owed to appellee at the time the injury was inflicted.   The demurrer to the complaint should have been sustained.

Judgment reversed.