INDIANAPOLIS TELEPHONE COMPANY v. SPROUL.

[No. 7,119.   Filed December 30, 1910.   Rehearing denied June 7, 1911.   Transfer denied March 8, 1912.]

1. PLEADING. — Complaint. — Essentials. — Statutes. — Section 343 Burns 1908, §338 R. S. 1881, providing, among other things, that "the complaint shall contain * * * a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended" is the existing law, and furnishes the sole test by which the sufficiency of a complaint should be determined.   p. 615.

2. TELEGRAPHS AND TELEPHONES.—Cross-Arms.—Defects.—Negligence.—Complaint.—A complaint alleging that the plaintiff was employed by defendant telephone company as a cableman, that, at defendant's request, plaintiff undertook to repair a cable on a cross-arm, that while attempting so to repair such cable the cross-arm upon which plaintiff was working broke and the plaintiff was thrown to the ground, to his injury, that such cross-arm was knotty and defective, and by reason of its being maintained a great number of years it had become further weakened, rotten, and unfit for service, that the defendant had notice of such defects and the plaintiff did not, sufficiently shows that defendant's negligence was the proximate cause of plaintiff's injuries, and states a cause of action.   p. 617.

3. PLEADING. — Complaint. — Judicial Notice.—Evidence.—Gravitation.—Courts take judicial notice of the law of gravitation; and an allegation that the cross-arm on which plaintiff was suspended, broke and plaintiff fell to the ground leaves nothing to inference. p. 617.

4. APPEAL.—Weighing Evidence.—Contributory Negligence.—A verdict that the plaintiff was free from contributory negligence will not be disturbed on appeal, where the evidence thereon was in conflict.   p. 617.

5. MASTER AND SERVANT.—*Telephone Cross-Arm.—Defects.—Assumption of Risk.*—A telephone cableman going upon a defective cross-arm and falling therefrom when it broke, did not assume the risk of the dangers thereof due to the knotty and rotten condition of such cross-arm, where he was ignorant thereof, the plaintiff not being required to search for latent defects. p. 618.

6. MASTER AND SERVANT.—*Safe Place.*—A servant may rightfully assume that the places in which, and instrumentalities with which, he is set to work are safe and adequate; and if he sustains injuries in consequence of the employer's failure to notify him of latent defects or dangers therein, the master is liable. p. 618.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by William E. Sproul against the Indianapolis Telephone Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Elmer E. Stevenson, Lewis C. Walker, Felt & Binford,* for appellant.

*James L. Mitchell, Cook & Cook, Elam & Fesler,* for appellee.

ROBY, J.—Action by appellee. Complaint in one paragraph. Demurrer for want of facts overruled. Answer in general denial. Trial by jury. Verdict for $2,500, with answers to ninety-seven interrogatories. Motions for judgment on such answers and for a new trial were overruled. Judgment on the verdict.

The complaint covers four closely printed pages of appellant's brief. Its substance is that plaintiff was on January 23, 1906, in the employ of defendant as a cableman; that it was his duty, as ordered, to repair breaks in cables of a telephone system owned and operated by defendant in Indianapolis; that on said day at defendant's order he climbed a pole forty or fifty feet high for the purpose of repairing a break in the cable, and that while so engaged a cross-arm, on which he depended for support, "broke without warning, and plaintiff was thrown from said platform to the ground, a distance of about forty feet." Injuries caused by said fall are detailed.

The charge of negligence is as follows: ''That said cross-arm, whose breaking, in manner herein detailed, threw plaintiff to the ground, and caused his injuries, was a knotty and defective piece of timber, and, by reason of its being maintained in its exposed position for a great number of years, without being properly protected or having been replaced by new and perfect timber, had become further weakened and rotted, and was unfit for use for the purposes for which it was used by defendant; that the portion of said telephone system wherein was located the pole from which the plaintiff fell, as herein stated, had been maintained for so many years since its first erection that many of the cross-arms and poles thereon had become rotted, weakened and unfit for service, and numerous reports had been made to the foreman of said defendant company and to the superintendent of construction of said company, that the poles and cross-arms on said 'lead' or portion of said system were rotted and dangerous, all of which was known to defendant company but was unknown to plaintiff.''

The first question presented challenges the action of the court in overruling the demurrer to the complaint. It is therefore pertinent to review the legislative enactments in the light in which the question must be considered.

1. ments in the light in which the question must be considered.

The code requires that a complaint shall contain ''a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.''  §343, subd. 2, Burns 1908, §338 R. S. 1881.

This is the law of the land. It furnishes the test by which the averments of every complaint are to be judged. No court has lawful power to set up a different standard. Exceptional cases may, no doubt, be found in our reports, in which pleadings are held defective for form of statement which seem to be in conflict with the plain and simple pro-

vision before quoted, but they are not to be understood as having modified or changed the statute, nor as defining the standard of intelligence of an average man. Cases may be found that are valuable only as illustrating the quality of intelligence possessed by others than average men.

There is another statute that cannot properly be overlooked. It is as follows: "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed; with a view to substantial justice between the parties; but when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." §385 Burns 1908, §376 R. S. 1881.

The right of the defendant to file a demurrer is conferred by statute. The disposition to be made of it is also fixed by statute, which is as follows.

"The judgment upon overruling a demurrer shall be that the party shall plead over; and the answer or reply shall not be deemed to overrule the objection taken by demurrer. But no objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined. If a party fail to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default." §350 Burns 1908, §345 R. S. 1881.

It is also provided, that, "the court may, at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in name, description, or legal effect, or in any other respect, to be corrected; any material allegation to be inserted, struck out, or modified—to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense." §405 Burns 1908, §396 R. S. 1881.

It is also provided that "no judgment shall be stayed or

reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." §700 Burns 1908, §658 R. S. 1881.

It is not necessary in this case to invoke any of the liberal and just provisions before quoted. Measured by the most hypercritical standard, the pleading is unexceptional.

2. Logically it is subject to criticism because of its prolixity, its particularity of detail, and the setting out of evidentiary facts and matters of common knowledge which do not need to be pleaded. But there is a reasonable excuse therefor. So far as the question of proximate cause is concerned, the averment that the negligence specified caused the injury complained of is sufficient. *Baltimore, etc., R. Co.* v. *Peterson* (1901), 156 Ind. 364; *Chicago, etc., R. Co.* v. *Stephenson* (1904), 38 Ind. App. 95, 98; *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219.

The fact that the cross-arm by which appellee was suspended in the air broke, and that he fell to the ground, leaves nothing to inference. This court takes judicial

3. notice of the law of gravitation. Other objections urged are equally untenable.

The answers to interrogatories are too extended to summarize. They are in accord with the general verdict, and the motion for judgment on them was not well taken. In its support, as well as in the argument relative to the sufficiency of the evidence to support the verdict, the main insistence is that appellee assumed the risk of the de-

4. fects complained of. The real question in the case was as to contributory negligence, but the finding on that

issue cannot now be disturbed. The cross-arm which broke had been in place eight years. It was a second-grade arm, known as a "cull." It had become doty, and broke at a knot. It is shown, both by the answers to interrogatories and by the evidence, that appellee was without knowledge of these defects and conditions. The finding is that he did not see the knot because of the pin in it and of the soot and sleet on it. It is also shown that an employe complained to appellant's superintendent of the condition of this particular part of the line, and "told him he should put new cross-arms on that 'lead'," to which the superintendent replied: "The cross-arms will last a while longer, and we will have to let them go awhile." Appellant knew how long the cross-arms had been in place. It knew what kind of material was in them. It was bound to know that the tendency of wood exposed to weather is to decay. There was no assumption of this risk as an incident to the business, for danger caused by the master's negligence is not assumed. *Barley* v. *Southern Ind. R. Co.* (1903), 30 Ind. App. 406; *Benzing* v. *Steinway & Sons* (1886), 101 N. Y. 547, 5 N. E. 449; *Stringham* v. *Stewart* (1885), 100 N. Y. 516, 3 N. E. 575; *Pantzar* v. *Tilly Foster Iron Min. Co.* (1885), 99 N. Y. 368, 2 N. E. 24.

Neither was the risk assumed an obvious and open one. It is shown, both by the answers and the evidence, to have been caused by a latent or hidden defect, of which appellee had no notice, and which was not discoverable by such inspection as he was called on to make.

If an employe, reposing confidence, as he has a right to, in the prudence and caution of the employer, relies on the adequacy of the implements put into his hands to work with, and on the safety of the place assigned to him in which to work, and sustains injury in consequence of the failure and neglect of the employer to disclose latent defects or perils, which the latter knew, or which he should have known by the exercise of reasonable dili

gence, the employe is entitled to remuneration for his loss. *Bradbury* v. *Goodwin* (1886), 108 Ind. 286; *Krueger* v. *Louisville, etc., R. Co.* (1887), 111 Ind. 51; *Mitchell* v. *Robinson* (1881), 80 Ind. 281, 41 Am. Rep. 812; *Boyce* v. *Fitzpatrick* (1881), 80 Ind. 526; *Atlas Engine Works* v. *Randall* (1885), 100 Ind. 293; *Indiana Car Co.* v. *Parker* (1885), 100 Ind. 181; *Louisville, etc., R. Co.* v. *Frawley* (1887), 110 Ind. 18; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151; *Pennsylvania Co.* v. *Whitcomb* (1887), 111 Ind. 212; *Stringham* v. *Stewart, supra; Pantzar* v. *Tilly Foster Iron Min. Co., supra; Bean* v. *Oceanic Steam Nav. Co.* (1885), 24 Fed. 124; *Postal Tel. Cable Co.* v. *Likes* (1907), 225 Ill. 249, 80 N. E. 136.

These established principles applied to the facts are decisive of the appeal.

Judgment affirmed.