## LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* HENNESSEY.

### [No. 21,887. Filed January 30, 1912.]

1. RAILROADS. — *Injury to Person on Tracks.* — *Pleading.* — *Complaint.*—*Allegations as to Employe's Duty.*—In an action by the car inspector of one railroad company against another railroad company for personal injuries occasioned by the defendant pushing a car against another car while the plaintiff was thereunder inspecting the same, allegations of the complaint, that it was the duty of plaintiff to inspect all cars set on the transfer track to be received and shipped by plaintiff's employer, and to make such inspection of all cars so set by the defendant the same day they were placed on said transfer track, and that in the proper discharge of his duties as such inspector he was required to and did go under cars for the purpose of inspection, are sufficient to show that plaintiff was in the discharge of the duties of his employment. p. 67.

2. NEGLIGENCE.—*Pleading.*—*Complaint.*—*Allegation of Proximate Cause.*—The allegation of the specific negligence which caused the injury complained of is a sufficient allegation of the proximate cause. p. 67.

3. RAILROADS.—*Injury to Person on Track.*—*Proximate Cause.*— Where plaintiff, car inspector for a railroad company, on inquiry was told by the conductor of the defendant, another railroad company, that no more cars would be placed on a transfer track, and he thereupon began the inspection of cars on said

track and while so inspecting defendant switched a car having a defective brake onto said track whereby plaintiff was injured, the failure of the brake to work was not the proximate cause of the injury. pp. 68, 70.

4. RAILROADS. — *Injury to Person on Tracks.* — *Pleading.* — *Complaint.*—*Allegation of Notice.*—Allegations in a complaint against a railroad company for injuries received while inspecting cars, that defendant had knowledge and well knew that plaintiff was under the cars inspecting them, and that at the time it pushed the car on and upon the transfer track had notice and knowledge of defects in the brake and that the motion of the car could not be controlled, include constructive or imputed, as well as actual, notice. p. 69. ˙

5. RAILROADS.—*Switching Cars.*—*Negligence.*—*Question for Jury.* —Where plaintiff, a car inspector, on being informed by defendant's conductor that no more cars would be placed on a transfer track, began the inspection of cars on said track and while under a car inspecting same defendant switched a car having a defective brake onto said track, whereby the plaintiff was injured, it is for the jury to determine whether from all the circumstances the defendant's act was negligent. pp. 70, 72.

6. NEGLIGENCE.—*Proximate Cause of Injury.*—A proximate cause is the efficient cause, or the cause which sets another cause in motion, or without which the injury could not have occurred. p. 70.

7. APPEAL.—*Reversal.*—*New Trial.*—In an action by the car inspector of a railroad company against another railroad company for injuries caused by defendant in switching a car onto a transfer track and against cars being inspected by plaintiff, where from the allegations of the complaint and the evidence in support thereof defendant was bound to know that cars on said track would be inspected by plaintiff, answers by the jury to interrogatories that defendant did not know of plaintiff's presence under said cars may have been on the question of actual notice and do not entitle the defendant to a judgment, where the jury was not instructed as to constructive notice, but the cause will be reversed and a new trial ordered. pp. 71, 73.

8. APPEAL.—*Erroneous Instruction.*—*Invited Error.*—Where defendant requested an instruction substantially as given by the court, the error, if any, in the giving of such instruction is invited and unavailable. p. 75.

9. RAILROADS.—*Injury to Person on Tracks.*—*Instruction.*—In an action by a car inspector of a railroad company against another railroad company for injuries caused by defendant switching a car onto a transfer track where plaintiff was engaged in the

inspection of cars, an instruction that before plaintiff could recover he must prove his employment to do the work that he was engaged in by the company for whom he claimed to work, or by some one with authority from such company to so employ him, by a fair preponderance of the evidence, was not harmful to the defendant. p. 75.

10. TRIAL.—*Instructions.*—*Cured by Other Instructions.*—In an action by a car inspector of a railroad company against another railroad company for injuries caused by the defendant in switching a car onto a transfer track and against a car being inspected by the plaintiff, an instruction that if the conductor in charge of defendant's switching crew knew that it was the custom of plaintiff's employer to inspect cars set on said track and that in making such inspection it was necessary to go under the cars, and knew that plaintiff was ready to inspect the cars on said track, and that plaintiff asked if there were any more cars to be set, and was answered in the negative by the conductor, that the plaintiff had a right to rely on the statement of the conductor when he began the work of inspection, while it omits any question of knowledge of danger which might have been acquired from any other source, is not cause for reversal where the other instructions given fully covered the questions of the requirement of the use of the senses, ordinary care, and freedom from contributing negligence. p. 75.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Alexander Hennessey against the Lake Erie and Western Railroad Company. From a judgment for plaintiff, defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*John B. Cockrum, Silverburg & Bracken* and *Shirts & Ferlig,* for appellant.

*J. M. Fitch,* and *Thompson, Thompson & Sprague,* for appellee.

MYERS, J.—This is the second appeal in this case. *Lake Erie, etc., R. Co.* v. *Hennessey* (1906), 38 Ind. App. 574, 78 N. E. 670. Upon the return of the cause to the court below, the complaint was amended to show that appellant knew that appellee was a car inspector for the Chicago, Indiana and Eastern Railroad Company, and that immediately be-

fore the injury appellee inquired of appellant's conductor whether he intended setting any more cars on the transfer track that day, and that the conductor knew that the purpose of the inquiry was to learn whether it would be safe for appellee to begin inspecting said cars; that when he was answered in the negative, he at once began the work of inspection; that appellant knew he was under the car when the injury occurred, and knew when said car was received, and when it was set on the transfer track, that the brake was out of repair, and that the car could not be controlled.

It is insisted by appellant that the complaint is still insufficient for failure to aver any facts showing the right or duty of appellee to be on the track or under the car

1. at the time he was injured. The allegation in that respect is, "that as such car inspector of said company, it was his duty to examine and inspect all cars set on said transfer track by said defendant company, to be received and shipped by said Chicago, Indiana and Eastern Railroad Company, and that it was the duty of plaintiff to make said inspection and to examine all cars so set by said defendant, during each and every day, on said transfer track, before 6 o'clock p. m. of the day said car or cars were so set on said transfer track, and that in the proper discharge of his (plaintiff's) duties, as such car inspector for such company, he was required to, and did go, and for a time to remain, under the cars so by him inspected and examined, for the purpose of properly inspecting and examining them." This is almost the identical language of the complaint before the Appellate Court on the former appeal, though it does not appear that the question was then raised. The facts showing a requirement to inspect said cars, and, in the inspection of cars, to go under them, are sufficiently averred to show that appellee was in the discharge of the duties of his alleged employment, and the allegation

2. of the specific negligence which caused the injury is a sufficient allegation of the proximate cause. *Greena-*

*waldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081; *Baltimore, etc., R. Co.* v. *Peterson* (1901), 156 Ind. 364, 59 N. E. 1044; *Indianapolis Tel. Co.* v. *Sproul* (1912), 49 Ind. App. 613, 93 N. E. 463; *Chicago, etc., R. Co.* v. *Stephenson* (1904), 33 Ind. App. 95, 69 N. E. 270.

3. Appellant sought a judgment on the interrogatories and the answers, on the theory that as between appellant and appellee, appellant owed no duty to provide brakes, or to see that they were in repair on the car so recently received and run on the transfer track, in the absence of notice of the defect.

This claim is made on the ground that the failure of the brake to work, or hold, was the proximate cause of the injury, under a finding of the jury that the car had been only about twenty minutes in the possession of appellant, and that the latter did not know of appellee's presence under the car, or of the defective brake, though the defect was one that could readily be seen without minute examination.

It may be true that this car, being one received from another line of railway within so short a time as twenty minutes, not for the purpose of forwarding, but one consigned to Muncie, which appellant was merely switching, there was not that duty of, or opportunity for inspecting which might otherwise be required. *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564, 45 N. E. 108.

It is also true, that since appellee was in a place where his duty required him to be, and was engaged in work which would, necessarily, more or less absorb his attention, it may have been negligence in those having the management of the car, who were, or should have been, aware of his presence, to permit the car to be run upon him while he was so employed, without giving him warning. *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95, 67 N. E. 923; *Indiana, etc., R. Co.* v. *Barnhart* (1888), 115 Ind. 399, 400, 16 N. E. 121; *Chicago, etc., R. Co.* v. *Long* (1887), 112 Ind. 166, 171, 13 N. E. 659; *Goodfellow* v. *Boston, etc., R.*

*Co.* (1871), 106 Mass. 461; *Crowley* v. *Burlington, etc., R. Co.* (1885), 65 Iowa 658, 20 N. W. 467, 22 N. W. 918.

The complaint alleges that appellant "had knowledge and well knew" that appellee was under the cars inspecting them; and that at the time it "threw, pushed and drove the car on and upon the transfer track, it had notice and knowledge of the defective and insufficient brake, * * * and knew that said brake was out of repair, and that the motion of the car could not be controlled." These allegations include constructive or imputed notice or knowledge, as well as actual notice or knowledge. *Grand Trunk, etc., R. Co.* v. *Melrose* (1906), 166 Ind. 658, 671, 78 N. E. 190; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 69 N. E. 669, 102 Am. St. 185; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235; *Pennsylvania Co.* v. *Ebaugh* (1899), 152 Ind. 531, 534, 53 N. E. 763, and cases cited; *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574, 577, 42 N. E. 927; *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156, 165, 33 N. E. 355; *Chicago, etc., R. Co.* v. *Fry* (1892), 131 Ind. 319, 325, 28 N. E. 989; *Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197, 205, 27 N. E. 479; *Indiana Nat. Gas, etc., Co.* v. *Vauble* (1903), 31 Ind. App. 370, 68 N. E. 195; *Kentucky, etc., R. Co.* v. *Sydnor* (1904), 119 Ky. 18, 82 S. W. 989, 68 L. R. A. 183, 185; *St. Louis, etc., R. Co.* v. *Triplett* (1891), 54 Ark. 289, 15 S. W. 831, 16 S. W. 266, 11 L. R. A. 773; *El Paso, etc., R. Co.* v. *Darr* (1906), 93 S. W. (Tex. Civ. App.) 166, 168; *Louisville, etc., R. Co.* v. *Lowe* (1904), 118 Ky. 260, 80 S. W. 768, 65 L. R. A. 122.

The jury finds that neither the conductor nor the crew knew that appellee was under the car, and that the condition of the brake was not known before the car was set in motion, though it was one which could be seen by the naked eye without minute examination. In the opinion of the writer, if these findings embrace both actual and constructive notice, there should be a judgment for appellant on

these answers, though it may be true that the doctrine is not to be invoked in every case, unless an established presumption of knowledge exists, or it would be unconscionable to permit one to assert want of knowledge. *Cleveland, etc., R. Co.* v. *Moore* (1907), 170 Ind. 328, 82 N. E. 52, 84 N. E. 540.

Other interrogatories and answers show that appellee made the inquiry for the purpose of going to the work of inspection, and that in reliance on the answer he received he went at once to that work.

It cannot be said as a matter of law, that, under all circumstances, it is negligent to kick a car on to a track, though it might be negligent under some conditions, and 5. whether the proper precautions are taken in a particular case, or whether it was negligence in this particular case to kick the car onto the transfer track, without knowing whether the brakes would hold the car, are questions for the jury. *Ferguson* v. *Wisconsin Cent. R. Co.* (1884), 63 Wis. 145, 23 N. W. 123; *Illinois Cent. R. Co.* v. *Larson* (1894), 152 Ill. 326, 38 N. E. 784; *York* v. *Maine Cent. R. Co.* (1891), 84 Me. 117, 24 Atl. 790, 18 L. R. A. 60; *Woodard* v. *New York, etc., R. Co.* (1887), 106 N. Y. 369, 13 N. E. 424.

We do not understand that the failure of the brake to work was the proximate cause of the injury, or that it is so claimed by appellee, though it may have been a con- 3. curring cause. A proximate cause is not necessarily the nearest, or the first, or the last cause, unless there be a responsible, intermediate, independent agency which suspends the operation of the first, or moving, or primary cause. The proximate cause is the efficient cause, or 6. the cause which sets another cause in motion, or without which the injury could not have occurred. *Chicago, etc., R. Co.* v. *Dinius* (1908), 170 Ind. 222, 84 N. E. 9; *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908) 170 Ind. 1, 83 N. E. 626, 14 L. R. A. (N. S.) 972, 127 Am.

St. 352; *New York, etc., R. Co.* v. *Hamlin* (1908), 170 Ind. 20, 83 N. E. 343; *Flint & Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S.) 924; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360, 364, 71 N. E. 201; *New York, etc., R. Co.* v. *Perriguey* (1894), 138 Ind. 414, 430, 34 N. E. 233, 37 N. E. 976; *Pittsburgh, etc., R. Co.* v. *Cozatt* (1907), 39 Ind. App. 682, 79 N. E. 534; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153, 84 N. E. 549; *Cincinnati, etc., R. Co.* v. *Acrea* (1907), 40 Ind. App. 150, 81 N. E. 213; *Ring* v. *City of Cohoes* (1879), 77 N. Y. 83, 90, 33 Am. Rep. 574. Neither will the fact that it may have been a concurring cause defeat a recovery. *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 73 N. E. 899; *Town of Fowler* v. *Linquist* (1894), 138 Ind. 566, 573, 37 N. E. 133; *Cole Bros.* v. *Wood* (1894), 11 Ind. App. 37, 61, 36 N. E. 1074; *Evansville, etc., R. Co.* v. *Allen* (1905), 34 Ind. App. 636, 73 N. E. 630; *Louisville, etc., R. Co.* v. *Davis* (1893), 7 Ind. App. 222, 233, 33 N. E. 451; *Board, etc.,* v. *Sisson* (1891), 2 Ind. App. 311, 317, 28 N. E. 374.

The jury found that appellee was a car inspector, and that the switching crew knew it; that he inquired of the conductor, after the crew had set four cars on the transfer track, whether there were to be any more cars set there, and the conductor answered in the negative; that no inquiry was made of any other person, nor did any other person hear the inquiry and answer; that the conductor knew at that time that appellee inspected cars, but he did not know that appellee made the inquiry for the purpose of inspecting the cars, or that he would at once begin such inspection. The allegations of the complaint on the subject are "that defendant company well knew that plaintiff made said inquiry for the purpose of and that when said information was given that plaintiff intended to, and would immediately commence the inspection of and would immediately inspect and examine said four cars; * * *

that said defendant company knew before said car was so pushed, shoved, thrown in and set upon said transfer track by the defendant, as hereinbefore set out, the said defendant company had knowledge and well knew that plaintiff was inspecting said four cars on said transfer track, and was under said cars at said time inspecting them.'' It is also found that he went at once, after making inquiry of the conductor, to inspect the cars on the transfer track; that he put out no warning nor signal to indicate that he was at the work of inspecting said cars; that the approaching car was within fifty or sixty feet of the cut of cars on which he was working before it made such noise as to be heard by him, and that he gave no attention to the matter of other cars being set upon that track; that he had not seen the car that was set in, nor seen or heard the switching of the car, and that no signal or warning was given him of its being set in; that he put out no flag nor signal to indicate his presence.

If appellant company, without notice of appellee's presence, or notice or knowledge as to whether he was engaged in inspecting said cars, owed him a duty not to set any car on the transfer track without warning, and negligently ran the car against the cars on which he was working, the answers to the interrogatories would not necessarily be in conflict with the general verdict, if it can be said, as a matter of law, that it was negligence *per se* to set the car in as was done, or that it was negligence, irrespective of the question of notice.

There are cases going, almost, if not quite, to the length of holding that shunting detached cars across highways, or places where it is known that many people frequently 5. pass, is in and of itself negligence, on grounds of public policy, and to some extent it is doubtless true with respect to safety of workmen, but we believe it a better rule, and in accordance with the greater weight of authority, that it is a question for the jury, and that ques-

tion was necessarily passed on in this case by the jury in its general verdict, and would be controlling here, were it not for the law of the case as fixed by the former appeal as to the question of notice.

No duty in that respect is alleged in the complaint, but it is alleged that all cars transferred from one company's tracks to the other "remained on said transfer track until the receiving company should have time to, and did inspect the same, * * * and were each and all examined and inspected by the receiving company on said transfer track" before said cars, or any one of them, was taken and transferred to the receiving company, and that the condition had existed some four years previously, and that it was the duty of plaintiff, as an employe of the said railroad company, to make said inspection and to examine all cars, so set by said defendant during each and every day on said track, before 6 o'clock of the day said car or cars were so set on said transfer track. Evidence in support of these allegations would necessarily disclose the fact that appellant knew that the cars would be inspected on that track. It need not disclose that appellant knew just when they would be inspected, but, in the absence of some known rule fixing a time, or the knowledge that inspection would or might be made at any time, it was bound to know that it would be at such time as said railroad company saw fit to inspect, and the duty to exercise reasonable care not to injure him would follow, and the general verdict would cover that issue, and the special answer shown would not be in irreconcilable conflict, unless notice, actual or implied, that appellee was there was essential. It is found that the cars were sometimes set on the transfer track for purposes other than inspection, and that they were so set at any time, day or night, and that cars were sometimes forwarded without inspection, and that appellee knew these facts, but it is not found that any of the switching crew knew that cars were set out without inspec-

tion, and the duty of inspection existing as a matter of law, the presumption was that inspection would take place, and as to the cars which were put on the transfer track for forwarding, it must be assumed that inspection would take place.

The jury was not instructed on the question of notice or knowledge as embracing constructive notice, and it may be that its finding in fact was on the question of actual notice, and the majority of the court are of the opinion that, in the interest of justice, a new trial should be awarded upon the authority of *Matchett* v. *Cincinnati, etc., R. Co.* (1892), 132 Ind. 334, 31 N. E. 792; *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 28 N. E. 613, 29 N. E. 775; Elliott, App. Proc. §563, and cases cited, and Buskirk's Practice 334.

The eleventh instruction was as follows: "The court instructs you that if you believe from the evidence that the plaintiff at the time and place of the occurrence complained of was in such place and engaged in the examination of cars on the transfer track in question, with the acquiescence, knowledge, consent and permission of the ticket agent, passenger agent or other employe of the Chicago, Indiana and Eastern Railroad Company, or of the defendant company, such fact is not sufficient to create the relation of master and servant between the plaintiff and the defendant company at the place the plaintiff was at the time of the occurrence complained of, and that such fact is not sufficient of itself to create any liability on the part of the defendant company in this action; but it must further appear by a fair preponderance of the evidence that such ticket agent, passenger agent, employe or employes of the Chicago, Indiana and Eastern Railroad Company, or of the defendant company, was or were authorized to employ the plaintiff [or had power and authority from said company to direct plaintiff] to perform the labor in which he was engaged; or you must believe that the plaintiff was expressly employed

by the defendant company to perform such services, or employed by the Chicago, Indiana and Eastern Railroad Company for that purpose, and the burden is upon plaintiff to establish such facts under the averments of his amended complaint.'' Objection is made to this instruction on the ground, (a) that appellee had not sued as a servant of appellant, and there was no issue of that character, and the instruction was therefore calculated to lead the jury to believe that such relationship was involved, and (b) that the instruction can only mean that if appellee was at the place with the knowledge or acquiescence of the agents of the other company, and they had power to employ him, that created a liability against appellant. As to these claims, it is to be said that appellant requested the instruction identically as given, except that the court modified it by striking out the words "of itself", after the words "is not sufficient" preceding the words "to create any liability", and added the words "or had power and authority from said company to direct plaintiff" after the words "authorized to employ plaintiff", so that if there could be anything in the first point it is an invited error and unavailable. As to the second point, the instruction as given is as favorable to appellant as it could have asked.

If appellee was in the place he was, under employment of one authorized to employ or to direct him there, it sufficiently shows that he was where he had a right to be, and that is the only point that branch of the instruction goes to.

Instruction twenty-one is complained of. In substance it charges that if the conductor was in charge of the switching crew, and knew that it was the custom of the Chicago, Indiana and Eastern Railroad Company to inspect the cars so set, before forwarding, and if in such inspection it was necessary to go under the cars, and the conductor knew that, and if he knew that it was the custom to set the cars on this track about 5 o'clock p. m. daily,

and if the cars were set on the track to be forwarded by the company, and at the time they were set appellee was near, ready to inspect them, and the conductor knew appellee was accustomed to inspect cars on that track, and was asked by appellee if there were any more cars to set on the transfer track, and answered "No", and the engine was moved out, and the switch closed, and that appellee believed the conductor's statement, and, relying on it, went under the cars within three to five minutes thereafter, and was engaged in inspecting them when injured, "that he had a right, in going under the cars, to rely on the statement of the conductor, and to believe that he would not push or throw any other car on the track within so short a time as three to five minutes." The instruction omits any question of knowledge of danger which might have been acquired from any other source, but there is no evidence of any other notice, or of information acquired from any other source, except such as may be imputed; and the third, fifth, and twelfth instructions fully cover the question of the requirement of the use of the senses, ordinary care to avoid danger, and the question of contributory negligence, however slight, from the failure to use the knowledge he had, or that is imputed to him, if the ordinary use of his senses would convey it. The instruction does not charge that there is a right of recovery, or liability based on his right to rely on the statement of the conductor, or relieve him from ordinary care, and taken with the other instructions, especially the third, fifth, and twelfth, it is not bad for failing to embrace the subject of ordinary care, unless it is open to the inference that, under the circumstances stated, ordinary care was not required.

As to the question of inferences to be drawn from the inquiry of and answer by the conductor, numerous other conditions are stated, such as the custom of inspecting, the fact that appellee was an inspector, and accustomed to inspect cars on that track at about the same hour daily, and that

the switchmen left the track and closed the switch, and that all these things were known to the conductor. In the opinion of the writer, it is but another form of stating to the jury that if these things are true, then in going under the cars within so short a space of time as from three to five minutes after receiving the answer from the conductor he was relieved from the caution otherwise required, if he was injured within from three to five minutes after he did go, for if more than one inference can be drawn, as to whether it was or was not negligent for him to have done as he did, the question is one of fact for the jury, and the instruction takes that phase of the question from the jury. At least it is strongly calculated to mislead the jury. There is some apparent support of the instruction in the case of *Regan* v. *Boston, etc., Railroad* (1911), 208 Mass. 520, 94 N. E. 691, though it is more apparent than real, for in that case the conductor knew that the inspector was at his work.

We are all of the opinion that the instruction should not have been given, but a majority of the court are of the opinion that, taken with the third, fifth and twelfth instructions, which fully cover the questions of the requirement of the use of the senses, the use of ordinary care, and freedom from contributory negligence, the jury could not have been misled, and there is support in this holding, in view of the repeated holdings that, where the instructions taken as a whole correctly state the law, a judgment will not be reversed because of the omission of some element which is stated in another instruction, but are of the opinion that justice requires that a new trial be granted.

The judgment is reversed, with instructions to the court below to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 97 N. E. 331. See, also, under (1) 33 Cyc. 866; (2) 27 Cyc. 513; (3) 33 Cyc. 852; 16 Am. St. 250; (4) 33 Cyc. 865; (5) 33 Cyc. 896; (6) 29 Cyc. 489; 36 Am. St. 807; 50 Am. Rep. 569; (7) 3 Cyc. 428; (8) 3 Cyc. 248; (9) 33 Cyc. 910; (10) 38 Cyc. 1782.