## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company *v.* Bennett.

[No. 22,471. .Filed June 19, 1917. Rehearing denied December 7, 1917.]

1. **Railroads.**—*Injury to Persons on Tracks.—Liability of Master.—Safe Place to Work.—Statute.*—Under §8017, cl. 4, Burns 1914, Acts 1893 p. 294, providing that an employe of a railroad injured while obeying or conforming to the order of his superior may recover where the injury was caused by the negligence of any person in the service of such corporation having charge of a locomotive engine or train or by the negligence of a fellow servant, a railroad is liable to a section hand for injuries caused by the shunting of a cut of cars without warning over a track upon which he was at work under a special order given by his superior officer. pp. 675, 676.

2. **Master and Servant.**—*Safe Place to Work.—Care Required of Master.*—Where, by special order, an employe is assigned to special work at a particular place, the employer is bound to exercise ordinary care to prevent injury to the employe, and ordinary care under such circumstances requires that the employer should take precautions to prevent injury to the employe at the particular place. p. 675.

3. **Railroads.**—*Safe Place to Work.—Care Required of Master.*—Where a railroad assigns employes, such as section hands, to a special duty at a particular place, the employer impliedly undertakes that the place should not be made unsafe by wild trains and unexpected dangers, even though the employe may be expected to keep a lookout for scheduled trains and to guard against the ordinary risks of the employment. p. 676.

4. **Railroads.**—*Injury to Persons on Tracks.—Negligence.—Failure to Give Warning of Approaching Train.*—It is negligence for those having the management of trains to permit an engine or cars to run upon one that is rightfully on a railroad track in the discharge of duties which absorb his attention without giving him sufficient warning to enable him to escape the danger. p. 676.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Action by John T. Bennett against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.

*William M. Amsden,* for appellee.

SPENCER, J.—This is an appeal from a judgment for $6,500 recovered by appellee on account of personal injuries sustained by him while in the employ of appellant. The assignment of errors contains five specifications, of which the first four, in so far as they properly present any question, require a determination of the sufficiency of appellee's complaint as against a demurrer for want of facts. That pleading is in three paragraphs, of which the first alleges, in substance, that on March 2, 1910, appellee was in the employ of appellant as a section hand or track laborer, and was then engaged, with other section men, in the work of raising and ballasting a switch track owned and maintained by appellant near the plant of the Thompson Bottle Company in Gas City; that during the progress of the work one of appellant's trains, consisting of an engine and several freight cars, entered the switch at its north end and proceeded southwardly until it reached the place of appellee's employment, where it stopped and waited until appellee and other members of the section gang had finished temporarily the raising and ballasting of the track at that point in order that said train might pass over the same in safety; that with the completion of such temporary ballasting the train proceeded southwardly over said track and set some of the cars onto a parallel switch running to the Thompson factory; that immediately after appellant's train had passed over the first switch track at the point of temporary repair, appellee and another workman were ordered by their section foreman and superior officer, one O'Brien, to tamp the ties of said track between the rails thereof, and

in obedience to said order, which they were bound to obey, they went onto said track and proceeded with the work as directed; that while appellee and his fellow workman were thus engaged, appellant's switch engine proceeded northwardly over another switch track, parallel with the track on which appellee was at work, and within forty feet of the place of his employment, to a point north thereof where a cut of cars, consisting of three gondolas and one box car, was coupled onto said engine and pulled southwardly to a point below the intersection of the two switch tracks; that immediately thereafter said cut of cars was "kicked" or shunted northwardly over the track on which appellee was at work, without the sounding of a bell or whistle, or the giving of any other warning to appellee of the approach of said cars, and he was struck thereby and injured. Other allegations of the complaint show that appellee's attention was necessarily directed to the work in which he was engaged, and charge that, under the circumstances then existing, the duty rested on appellant, through its agents and employes in charge of said engine and cut of cars, to warn appellee of the danger to which he was exposed by their acts.

Each of the other paragraphs of complaint sets up practically the same facts, circumstances and conditions surrounding the injury to appellee, but proceed on different theories in their allegations of negligence. The second paragraph repeats the charge of negligence contained in the first paragraph and alleges further that appellant's switching crew failed to observe certain rules, by-laws and regulations of the company concerning the giving of warnings and signals in connection with the movement of cars and engines under the circumstances presented. The third paragraph alleges that appellant's section foreman, O'Brien, was negligent in failing to warn the men under his control of the

danger to which they were exposed, although he was in a position so to do.

We deem it unnecessary to state further in detail the allegations of the several paragraphs of complaint since the questions presented, in their essence, relate rather to the theory of the complaint than to its particular averments. Counsel takes the position that the facts as set out do not show the violation by appellant of any legal duty which it owed to appellee and that, under such circumstances, it is not sufficient to allege generally that certain officers or agents of appellant were negligent in the omission or commission of some particular act. We do not question the principle relied on by counsel, but cannot concede its application in the present case.

This action is founded on the Employers' Liability Act of 1893 (Acts 1893 p. 294, §8017 Burns 1914), of which the fourth clause of §1 provides that re-

1. covery may be had by an injured employe "where such injury was caused by the negligence of any person in the service of such corporation who has charge of any * * * locomotive engine or train upon a railway, or where such injury was caused by the negligence of any person, co-employe or fellow-servant engaged in the same common service in any of the several departments of the service of any such corporation, the said person, co-employe or fellow-servant, at the time acting in the place, and performing the duty of the corporation in that behalf, and the person so injured, obeying or conforming to the order of some superior at the time of such injury, having authority to direct."

The complaint in this case shows that appellee, at the time of his injury, was engaged in carrying out a special order given to him by his superior officer,

2. and the rule is well settled that "where, by special order, an employe is assigned to special work at a particular place the employer is bound to exercise

ordinary care to prevent injury to the employe, and ordinary care under such circumstances requires that the employer should take precautions to prevent injury to the employe at the particular place." 3 Elliott, Railroads (2d ed.) 732, §1298. As applied to section men and others employed on and about railroad tracks, the liability of the employer in such a case does not rest on the mere fact of assignment to a special duty by a special order, but on the fact that, having assigned the employe to a special duty at a particular place, the employer impliedly undertook that the place should not be made unsafe by wild trains and unexpected dangers, even though the employe may be expected to keep a lookout for scheduled trains and to guard against the ordinary risks of such employment.

It has been expressly held that where a person is rightfully on a railroad track in the discharge of duties which absorb his attention, it is negligence for those having the management of trains, and who are, or should be, aware of the presence of the person so situate, to permit engines or cars to be run upon him while so employed, without giving sufficient warning to enable the person thus engaged to escape the danger. *Lake Erie, etc., R. Co.* v. *Hennessey* (1911), 177 Ind. 64, 68, 97 N. E. 331; *Cincinnati, etc., R. Co.* v. *Long, Admr.* (1887), 112 Ind. 166, 171, 13 N. E. 659.

The averments of the pleading under consideration are sufficient to show an entire absence of warning to appellee of the danger to which he was exposed and, under the circumstances which surrounded his employment, they are sufficient to authorize a recovery for the injuries which he sustained.

The sufficiency of the proof is challenged by appellant's motion for a new trial, but an examination of the record discloses evidence which serves fully to sustain the verdict, both as to the issue of negligence and the

amount of recovery. In the latter connection, counsel strenuously insists that instructions Nos. 27 and 31, given to the jury at the request of appellee, contain erroneous statements as to the measure of damages. The first of these instructions, although containing an inappropriate reference to the subject of damages, in case the trial should result in a verdict for appellee, does not purport to guide the jury in its determination of the amount of recovery, while instruction No. 31 properly limits the jury to the evidence on this issue. The objections against other instructions given, in so far as they are not disposed of by our conclusions above stated, are without substance and do not merit consideration in detail. Of the five instructions requested by appellant, and refused, the first four are peremptory in character and the fifth contains an erroneous statement of the law governing proof of contributory negligence. The instructions given to the jury, considered as a whole, fully and fairly state the law applicable to the issues and the evidence sustains the verdict.

No error appearing, the judgment of the trial court is affirmed.

NOTE.—Reported in 116 N. E. 582. Railroads: flying switch or shunting cars as negligence with reference to employes of railroads, 10 Ann. Cas. 19, Ann. Cas. 1912 D 344; duty of company to warn track employes of approach of train or car, L. R. A. 1916 F 555.